IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-20713
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TED LEE WRIGHT,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CR-464-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ted Wright appeals his conviction of unlawful possession of a firearm by a convicted felon.  He argues that the government breached an agreement not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to prosecute him in exchange for information he provided in a debriefing. Wright has not shown that the district court clearly erred in finding there was no nonprosecution agreement and in denying his motion. Wright presented no evidence that he and the government entered into a nonprosecution agreement or that the government issued a formal grant of immunity from prosecution. Wright's argument is based solely on his subjective interpretation of the agents' statements during his debriefing. See United States v. Conaway, 11 F.3d 40, 42 (5th Cir. 1993); see also United States v. Weiss, 599 F.2d 730, 735-36 (5th Cir. 1979).

Wright contends that the government's decision to prosecute him and not his business partner, Evan Lowenstein, constitutes selective prosecution. Wright has presented no evidence to rebut the presumption of regularity supporting the government's decision to prosecute him under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Wright has not shown that Lowenstein was a similarly situated person of a different race who could have been prosecuted but was not. See United States v. Armstrong, 517 U.S. 456, 465-66 (1996); United States v. Webster, 162 F.3d 308, 333-34 (5th Cir. 1998). Wright also does not assert that he was prosecuted based on his race or religion or to prevent his exercise of a particular constitutional right. See Armstrong, 517 U.S. at 465-66; Webster, 162 F.3d at 333-34.

The government presented evidence showing that the reason it did not prosecute Lowenstein under §§ 922(g)(1) and 924(a)(2) is that Lowenstein's conviction had been set aside and because the firearms were found in a locked safe in Lowenstein's garage to which he could not provide a key or a combination. Therefore, Wright has not shown discriminatory effect and discriminatory intent to establish that he was selectively prosecuted. See Armstrong, 517 U.S. at 465-66; Webster, 162 F.3d at 333-34.

AFFIRMED.